# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ANNA HITT, * | |
| * | No. 15-1283V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: July 27, 2022 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * * *

<u>Renee J. Gentry</u>, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner;
<u>Kimberly S. Davey</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is Anna Hitt's ("petitioner") motion for final attorneys' fees and costs. She is awarded **$151,853.38**.

\* \* \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On October 29, 2015, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on October 23, 2014, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused her to suffer from multiple sclerosis. Both parties retained medical experts and filed briefs, and an entitlement hearing was held on April 17, 2018. The undersigned ruled in favor of petitioner on January 24, 2020. 2020 WL 831822. Thereafter, the parties filed briefs on pain and suffering and a damages hearing was held on May 20, 2021. The undersigned issued his decision awarding compensation on July 29, 2021. 2021 WL 3598322.

On August 26, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests is as follows: attorneys' fees of $132,654.75, attorneys' costs of $25,411.28, and petitioner's costs of $420.09 for a total request of $158,486.12. Fees App. at 1. On August 30, 2021, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*   *   *

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are

required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests the following rates of compensation for the work of her counsel: for Ms. Renee Gentry, $400.00 per hour for work performed in 2015, $415.00 per hour for work performed in 2016, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019, $464.00 per hour for work performed in 2020, and $489.00 per hour for work performed in 2021; and for Mr. Clifford Shoemaker, $415.00 per hour for work performed in 2015, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein for work performed in the instant case. See, e.g., Chilazi v. Sec'y of Health & Human Servs., No. 17-221V, 2021 WL 3931913 (Fed. Cl. Spec. Mstr. July 1, 2021); Temes v. Sec'y of Health & Human Servs., No. 16-1465V, 2021 WL 2375787 (Fed. Cl. Spec. Mstr. Apr. 15, 2021); Hoefling v. Sec'y of Health & Human Servs., No. 18-1935V, 2020 WL 6109440 (Fed. Cl. Spec. Mstr. Sep. 14, 2020).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

3

The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the time billed on this matter to be largely reasonable although there are some minor issues that require further discussion.[2] First, much of the time Mr. Shoemaker has billed for various communications (such as phone calls and e-mails) is vague because it does not mention the topic of the communication. As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). Mr. Shoemaker has previously been cautioned that his billing entries should contain greater detail. Oliver v. Sec'y of Health & Human Servs., No. 10-394V, 2019 WL 2246727 (Fed. Cl. Spec. Mstr. Apr. 16, 2019); Price v. Sec'y of Health & Human Servs., No. 11-442V, 2019 WL 1796100 (Fed. Cl. Spec. Mstr. Mar. 22, 2019); Prokopeas v. Sec'y of Health & Human Servs., No. 04-1717V, 2017 WL 6763067 (Fed. Cl. Spec. Mstr. Dec. 5, 2017).

Second, much of the time billed by Sabrina Knickelbein is redundant with time billed by counsel to review Court orders and other routine filings from the Court and respondent. When multiple people inside a firm bill for review of the same documents, it creates a situation where an excessive amount of time is expended on review of those documents. This is especially true for routine filings such as scheduling orders and status reports. Ms. Knicklebein also billed time for filing documents, a clerical task which the Court does not reimburse.  See Guerrero v. Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

---

[2] The process for resolving damages was relatively drawn out, in part because of the coronavirus pandemic. But, the parties' inability to resolve all aspects of damages appears also to be due to the respondent's unduly low assessment of the reasonable amount of compensation for the emotional distress associated with multiple sclerosis. See Damages Decision, 2021 WL 3598322 (awarding petitioner the maximum amount of pain and suffering).  The extended nature of the damages proceeding is reflected by the number of hours Ms. Gentry spent. When the respondent essentially called upon Ms. Gentry to prove up her client's damages, Ms. Gentry passed this challenge with skill.

Finally, Ms. Gentry billed time for the drafting of pro forma documents accompanying the filing of various exhibits. When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work.  See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009). In the undersigned's experience, at a larger firm the drafting of such documents would typically be handled by paralegals because they do not require any specialized legal experience to create. To Ms. Gentry's credit, she delineated other paralegal tasks from her normal time billed and charged an appropriate paralegal amount for those entries.

In the undersigned's experience, given the large total at stake in the requested attorneys' fees, a relatively small total reduction should be imposed to offset these issues – a five percent reduction yields an amount of $6,632.74, which is appropriate in order to achieve "rough justice." Fox v. Vice, 563 U.S. 826, 838 (2011).

Petitioner is therefore awarded attorneys' fees in the amount of $126,022.01.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $25,411.28 in attorneys' costs. Most of this amount ($20,600.00) is attributable to the work of petitioner's medical expert, Dr. Carlo Tornatore, with the remainder comprised if acquiring medical records, postage, photocopies, and costs associated with the entitlement hearing. Dr. Tornatore billed a total of 51.5 hours at $400.00 per hour – during this time, he reviewed medical records, drafted two expert reports, and prepared for and testified at the entitlement hearing. Fees App. at 55. Dr. Tornatore's hourly rate is consistent with what he has previously been awarded for his Vaccine Program work and the hours billed are reasonable. See, e.g., Hodge v. Sec'y of Health & Human Servs., No. 09-453V, 2017 WL 1315716, at *5 (Fed. Cl. Spec. Mstr. Mar. 9, 2017). The remainder of the costs are reasonable in the undersigned's experience and have been supported with the necessary documentation and shall be fully reimbursed.

Additionally, pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs totaling $420.09 related to her petition for the Court's filing fee, postage, and medical records. These costs have been supported with the necessary documentation and shall also be fully reimbursed.

D.      Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$151,433.29** (representing $126,022.01 in attorneys' fees and $25,411.28 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her counsel, Ms. Renee Gentry; and

2) a total of **$420.09** representing reimbursement for petitioner's costs as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.